IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-10-306-L |
| ) | |
| FARMERS INSURANCE ) | |
| EXCHANGE, a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

On December 22, 2008, plaintiff filed this action in the United States District Court for the District of New Mexico seeking damages from his former employer[1] for violations of the Americans with Disabilities Act ("ADA"). In addition to the federal claim, the complaint also sought damages based on state law claims for invasion of privacy, intentional infliction of emotional distress, negligence, and violation of Oklahoma law. Complaint (Doc. No. 1). On January 20, 2009, plaintiff filed an amended complaint in which he added claims against Liberty Life Assurance Company of Boston ("Liberty"), the third-party administrator for Farmers' short-term disability program. On August 13, 2009, the claims against Liberty were dismissed without prejudice for lack of service. On March 26, 2010, the case was transferred

---

[1]Defendant has long claimed that plaintiff's employer was Farmers Insurance Company, Inc. – not Farmers Insurance Exchange – and therefore plaintiff has sued the wrong entity. Defendant does not, however, seek summary judgment on this basis. Defendant Farmers' Motion for Summary Judgment and Brief in Support at 2 n.3 (Doc. No. 101) [hereinafter cited as "Defendant's Motion"].

to this court from the United States District Court for the District of New Mexico. Thereafter, plaintiff amended the complaint to once again name Liberty as a defendant, but Liberty's participation in this action was short-lived, as the court granted Liberty's motion to dismiss on November 4, 2010.  Order at 4 (Doc. No. 88).

This matter is now before the court on the remaining defendant's motion for summary judgment.  Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment.  In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982).  Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party must "set out *specific* facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added).  *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).  In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The undisputed facts establish that plaintiff, who is HIV-positive, was hired on June 12, 2006 to work as a Total Loss Specialist in Oklahoma City, Oklahoma. Plaintiff did not miss any days of work during his first four months of employment. Between September and December 2006, however, he was absent 11 days. On Monday, January 8, 2007, plaintiff was again absent from work. Plaintiff informed Melisa Tucker, defendant's human resources advisor, that he was suffering from pneumonia. At no time, however, did plaintiff inform Tucker that he was HIV-positive, nor did he ever request an accommodation for his HIV-positive status. Exhibit 2 to Defendant Farmers' Motion for Summary Judgment and Brief in Support at 11-13 [deposition pages 40-42] (Doc. No. 101-2). Tucker advised plaintiff to file a claim with Liberty for short-term disability.

In February 2007, plaintiff notified defendant that his physician had released him to work on a part-time basis (no more than four hours per day) beginning February 26, 2007. Exhibit 8 to Defendant's Motion. Brett Rhodes, plaintiff's immediate supervisor, then met with Department Manager Patrick Ortman, Staff Manager David Bailey, and Tucker to determine if there was a position available for plaintiff. After determining that a part-time position was not available, defendant terminated plaintiff's employment. Neither Rhodes nor Bailey knew that plaintiff was

HIV-positive, and plaintiff concedes that he did not inform them of his status. Exhibit 2 to Defendant's Motion at 16, 21-23 [deposition pages 50, 84-86]; Exhibit 4 to Defendant's Motion at ¶ 5; Exhibit 9 to Defendant's Motion at ¶ 4.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on March 16, 2007, alleging he was subjected to discrimination on the basis of his disability. Exhibit 16 to Defendant's Motion. In the ADA Disability Questionnaire, plaintiff listed Acquired Immunodeficiency Syndrome and Pneumocystis Carinii Pneumonia as his impairments. Id. at 3. He indicated that his medical condition was permanent, but his "impairment was temporary." Id. at 4.

Section 102 of the ADA makes it unlawful for an employer to "discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees". 42 U.S.C. § 12112(a).[2] To state a prima facie case of disability discrimination under the ADA, "plaintiff must demonstrate that he '(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer *because of that disability*.'" EEOC v. C.R. England, Inc., 644 F.3d 1028, 1037-38 (10th Cir. 2011) (emphasis added; citation omitted).

---

[2]Effective January 1, 2009, portions of the ADA, including this provision, were amended. *See* Pub. L. No. 110-325, § 5(a), 122 Stat. 3557 (Sept. 25, 2008). Because the alleged discrimination in this case took place before the effective date of the amendments – indeed before the amended act was passed – the court's analysis is governed by the statute as it read prior to amendment.

4

Defendant argues, and the court finds, that plaintiff has failed to present a genuine issue of material fact with respect to the third prong of the prima facie case. There is no evidence that the decision-makers who terminated plaintiff were aware of his HIV-positive status. In fact, plaintiff concedes as much in his deposition. Nonetheless, in response to the motion for summary judgment, plaintiff presents an affidavit in which he "asserts that based upon a logical assumption by the Affiant, relative to his interaction with co-workers and supervisory personal [sic] of Defendant, that Affiant's team supervisor was aware that Affiant had HIV while employed with the Defendant." Exhibit 1 to Plaintiff's Response and Objection to Defendant Farmers Insurance Company's Motion for Summary Judgment and Brief in Support at ¶ 3 (Doc. No. 108-1). While plaintiff is entitled to have all inferences drawn from the facts construed in his favor,[3] he still must have facts to support the inferences. Plaintiff, however, offers no facts, only conclusory statements. This is insufficient to rebut his sworn deposition testimony and the sworn testimony of defendant's employees. Likewise, plaintiff may not rely on the EEOC Determination to create an issue of fact for trial,[4] nor may he rely on the hearsay within hearsay statements contained in the EEOC investigator's notes. See Thomas v. IBM, 48 F.3d 478, 485 (10th Cir. 1995). Defendant has put forth uncontradicted testimony

---

[3] Pico, 457 at 863.

[4] See Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse, 165 F.3d 1321, 1331 (10th Cir.), cert. denied, 528 U.S. 815 (1999).

that plaintiff was not terminated due to his disability because none of the decision-makers knew of that disability.[5] The court is thus left with a failure of proof on plaintiff's part. Defendant is therefore entitled to summary judgment on plaintiff's ADA claim with respect to his termination. Defendant is also entitled to judgment in its favor on plaintiff's failure to accommodate claim, as plaintiff admits he never requested accommodation for his HIV-positive status, only for his pneumonia. Exhibit 2 to Defendant's Motion at 40-41. Finally, plaintiff presents no evidence of protected activity on his part on which to base an ADA retaliation claim. Moreover, it does not appear that plaintiff exhausted his administrative remedies with respect to this claim. Nowhere in plaintiff's claim to the EEOC does he mention retaliation or protected activity on his part. The first mention of such a claim is a passing reference to retaliation in his complaint in this court. *See* Third Amended Complaint at ¶ 2 (Doc. No. 80). The court therefore does not have jurisdiction to consider it. *See* Simms, 165 F.3d at 1326-27 ("where a retaliatory act occurs *prior to the filing* of a charge and the employee fails to allege the retaliatory act or a retaliation claim in the subsequent charge" plaintiff has failed to exhaust) (emphasis in original).

The court's analysis with respect to plaintiff's ADA claims applies with equal force to his state law claim. *See* Tatum v. Philip Morris, Inc., 1993 WL 520983 at *3

---

[5] At the time of plaintiff's termination, pneumonia was not considered a disability within the meaning of the ADA. *See* Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 380 (3d Cir. 2002). While HIV/AIDS was clearly considered a disability at the time of plaintiff's termination, it is also clear from the record that the decision-makers did not know of plaintiff's status. All they knew was that plaintiff was suffering from pneumonia.

n.3 (10th Cir. 1993) (unpublished).  Defendant is therefore entitled to judgment in its favor on plaintiff's state law wrongful discharge claim.  Summary judgment is also appropriate with respect to plaintiff's intentional infliction of emotional distress claim.

> An action for intentional infliction of emotional distress will lie only where there is extreme and outrageous conduct coupled with severe emotional distress.  Intentional infliction of emotional distress does not provide redress for every invasion of emotional serenity or every anti-social act, and it does not protect mere hurt feelings, no matter how justified.  Liability does not extend "to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.  The test is whether the alleged tortfeasor's conduct is simply one of those unpleasant examples of human behavior which we all must endure from time to time, or whether it has so totally and completely exceeded the bounds of acceptable social interaction that the law must provide redress. [The Oklahoma Supreme Court] has agreed that the line between the acceptable and the unacceptable should be drawn in accordance with Comment d to § 46 of the Restatement (Second):
>
>> ". . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' . . ."

Miller v. Miller, 956 P.2d 887, 900-01 (Okla. 1998) (footnotes omitted).  None of plaintiff's allegations meet this test.

In sum, Defendant Farmers' Motion for Summary Judgment (Doc. No. 101) is GRANTED. Judgment will issue accordingly.

It is so ordered this 16th day of December, 2011.

*Tim Leonard*
TIM LEONARD
United States District Judge